# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1631

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Richard Robinson, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: November 16, 2007
Filed: February 21, 2008 (Corrected: 2/25/2008)

_____

Before WOLLMAN and BENTON, Circuit Judges, and DOTY,[1] District Judge.

_____

WOLLMAN, Circuit Judge.

Richard Robinson, a former deputy sheriff for St. Louis County, Missouri, was convicted of conspiring to commit bribery concerning programs receiving federal funds in violation of 18 U.S.C. §§ 666(a)(1)(B) and 371. The district court[2] sentenced him to thirty-three months' imprisonment, two years of supervised release, restitution

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota, sitting by designation.

[2]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

in the amount of $10,000, and a special assessment of $100. Robinson appeals his sentence as unreasonable. We affirm.

We review a district court's sentence for reasonableness, applying an abuse-of-discretion standard. United States v. Garcia, No. 07-1727, 2008 WL 108790, at *2 (8th Cir. Jan. 11, 2008) (citing United States v. Gall, 128 S. Ct. 586, 597 (2007)). A sentence is procedurally unreasonable if the district court, *inter alia*, "treat[ed] the Guidelines as mandatory, fail[ed] to consider the § 3553(a) factors, . . . or fail[ed] to adequately explain the chosen sentence." Gall, 128 S. Ct. at 597. A sentence within the Guidelines range is accorded a presumption of substantive reasonableness on appeal. Garcia, 2008 WL 108790 at *2 (citing Rita v. United States, 127 S. Ct. 2456, 2462 (2007)).

Robinson argues that the district court applied a presumption of reasonableness to the sentencing range recommended by the Guidelines, contrary to the principles set forth in United States v. Booker, 543 U.S. 220 (2005), and developed in Rita, which was decided after Robinson's sentencing hearing. In weighing and rejecting Robinson's arguments for departure, the district court opined that Robinson's case was not "special" enough to emerge from the "primordial soup" of initial sentencing considerations represented by the Guidelines. However metaphorical, this observation does not constitute a legal presumption of the kind prohibited by Rita. Rita affords a district court the option to "rest[ its] decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical case" if the court finds that the case before it is typical. 127 S. Ct. at 2468. In contrast, the kind of presumption Rita prohibits is a formal "rule[] of evidence calling for a certain result in a given case unless the adversely affected party overcomes it with other evidence" and is binding on a district court. Black's Law Dictionary 1203 (Brian A. Garner ed., 7th ed. 1999); see also United States v. Wilms, 495 F.3d 277, 280-81 (6th Cir. 2007) (contrasting a district-court-level evidentiary presumption with the appellate-level presumption permitted

by Rita).  Accordingly, we have held that a district court impermissibly applied a presumption of reasonableness when the court made clear that it believed that it was bound by circuit precedent to require a certain amount or kind of evidence to vary from the Guidelines recommendation, even though its own application of the § 3553(a) factors would result in a different outcome.  See United States v. Greene, No. 07-1479, 2008 WL 238600, at *2-3 (8th Cir. Jan. 30, 2008); United States v. Huff, No. 07-1500, 2008 WL 239031, at *2 (8th Cir. Jan. 30, 2008).  The district court in this case, similarly to the district court in Rita, simply found Robinson's case to be typical and his arguments insufficient to warrant a sentence lower than that recommended by the Guidelines.  See 127 S. Ct. at 2469.

Robinson also argues that the district court failed to properly consider and articulate the sentencing factors set forth in 18 U.S.C. § 3553(a).  To "properly analyze[] the relevant sentencing factors," a district court is not required to provide a "full opinion in every case," but must "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."  Rita, 127 S. Ct. at 2468.  In determining whether a district court has adequately explained its reasons for imposing a particular sentence, the context for the appellate court's review is the entire sentencing record, not merely the district court's statements at the hearing.  See id.; United States v. Miles, 499 F.3d 906, 909 (8th Cir. 2007).

In his sentencing memorandum and at his hearing, Robinson argued for a downward departure on the basis of his age and health, public and military service, and the jury's split verdict.  With respect to Robinson's age and health, the district court concluded that Robinson, at sixty-one and with health conditions typical for that age and controllable with medications, was not so old and infirm that the prison system could not adequately care for him.  See United States v. Denton, 434 F.3d 1104, 1115 (8th Cir. 2006); U.S.S.G. §§ 5H1.1, .4.  The district court understood from arguments made in the sentencing memorandum and at the hearing that Robinson had

-3-

been employed with St. Louis County for thirty-one years and that he had served in the military for twenty-five years. It also understood that it was sentencing Robinson for his participation in a conspiracy to commit bribery as a public official. See U.S.S.G. § 5H1.11. In addressing Robinson's argument that he should be sentenced leniently for the conspiracy of which he was convicted because he was acquitted of the underlying substantive charges, the district court indicated its belief that the evidence "clearly suggested that [Robinson] was probably guilty of more than just the conspiracy." Sent. Tr. at 14. The district court's statement explained why it declined to depart from the Guidelines range applicable to Robinson's offense; it did not indicate that Robinson was sentenced for a crime of which he was not convicted. In sum, we are satisfied that the district court fully considered the parties' arguments and that it did not abuse its discretion in determining that a sentence at the bottom of the applicable Guidelines range was warranted.

Robinson contends that the district court failed to properly consider § 3553(a)(6) and thus created an unwarranted sentence disparity by imposing upon Robinson, who was convicted on a single charge, the same sentence that a fellow deputy sheriff received following his conviction on multiple substantive and conspiracy charges of bribery. No reference to that defendant's sentence was raised in Robinson's sentencing memorandum or during the sentencing hearing. Furthermore, we take judicial notice of the fact that Judge Autrey did not preside over the other case. Information concerning that defendant was not part of the record before Judge Autrey, nor is it a part of the record before us on appeal. Accordingly, we cannot say that the district court abused its discretion with respect to § 3553(a)(6) by sentencing Robinson within the Guidelines range applicable to his offense and consistent with his individual characteristics.

The judgment is affirmed.

_____