**UNITED STATES of America,
Appellee,**

v.

**Joseph GUARINO, Appellant.**

No. 07–2350.

United States Court of Appeals,
Eighth Circuit.

Submitted: Feb. 14, 2008.

Filed: Feb. 29, 2008.

Stephen C. Moss, Asst. Fed. public Defender, Kansas City, MO, argued (Raymond C. Conrad, Jr., Fed. Public Defender, on the brief), for appellant.

Kathleen D. Mahoney, Asst. U.S. Atty., Kansas City, MO, argued (John F. Wood, U.S. Atty., on the brief), for appellee.

Before BYE, RILEY, and BENTON, Circuit Judges.

BENTON, Circuit Judge.

Joseph Guarino pled guilty to conspiracy to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, and to criminal forfeiture in violation of 21 U.S.C. § 853. The district court sentenced him to 87 months' imprisonment, five years of supervised release, and a special assessment of $100. Guarino appeals his sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Guarino argues that the district court failed to adequately explain the 18 U.S.C. § 3553(a) factors. Specifically, he contends the court did not address how his severe medical problems factored into the sentencing decision. Because he did not object at sentencing, this court reviews for plain error. *See United States v. Flying By*, 511 F.3d 773, 778 (8th Cir.2007) ("If a party failed to object at trial, his complaints are reviewed under a plain error standard."), *citing* Fed.R.Crim.P. 52(b). Under plain error review, this court will reverse only if there is "(1) error (2) that is plain and (3) that affects the defendant's substantial rights." *United States v. Cardenas–Celestino*, 510 F.3d 830, 833 (8th Cir.2008). However, this court will exercise its discretion to notice plain error "only if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Elmardoudi*, 501 F.3d 935, 944 (8th Cir. 2007), *cert. denied,* —— U.S. ——, 128 S.Ct. 926, 169 L.Ed.2d 766 (2008), *quoting United States v. Olano*, 507 U.S. 725, 736– 37, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

In *Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007), the Court directed appellate courts to "ensure that the district court committed no significant procedural error." Significant procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, . . . or failing to adequately explain the chosen sentence." *Id.*; *United States v. Robinson*, 516 F.3d 716 (8th Cir.2008). "A sentence within the Guidelines range is accorded a presumption of substantive reasonableness on appeal." *Id., citing United States v. Garcia,* 512 F.3d 1004 (8th Cir.2008).

When explaining the section 3553(a) factors, the district court is not required to provide a full opinion in every

case. *Robinson*, 516 F.3d at 717, *quoting Rita v. United States*, 551 U.S. ——, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007). It must set forth enough reasons to satisfy the appellate court that it has considered the parties' arguments and has an articulate basis for exercising its own discretionary authority. *Robinson*, 516 F.3d at 719. In making this determination, this court examines the entire sentencing record, not just the district court's statements at the hearing. *Id.*

■ At sentencing, Guarino presented testimony of his severe medical problems. After listening to this testimony and the parties' arguments, and reviewing the presentence report, the court stated: "Mr Guarino and Mr. Moss, I don't feel that I can go to house arrest." The court then asked whether the VA hospital had restricted facilities. The court recognized that Guarino "is confined to a wheelchair and has serious medical problems." Ultimately, the court instructed the Bureau of Prisons to send Guarino to the medical facility in Springfield, Missouri. The district court did not make any other reference to the section 3553(a) factors or explain its sentencing decision. This is error that is plain.

> Further, in this and all criminal cases, we urge each district court to make a clear record of its reasons for imposing a particular sentence with explicit reference to § 3553(a).

*United States v. Mosqueda–Estevez*, 485 F.3d 1009, 1013 (8th Cir.2007). In light of *Gall*, it is imperative that district courts provide an adequate explanation of their sentencing decisions so this court can ensure there is no significant procedural error. *See Gall*, 128 S.Ct. at 597. Here, the district court's vague references do not adequately explain the sentencing decision.

■ Nonetheless, the error is not reversible because Guarino did not meet his burden to show that it affected his substantial rights. *See Olano*, 507 U.S. at 734, 113 S.Ct. 1770. "[W]e will find that a defendant's substantial rights are affected if he can show a reasonable probability, based on the appellate record as a whole, that but for the error he would have received a more favorable sentence." *United ed States v. Clark*, 409 F.3d 1039, 1045 (8th Cir.2005) (internal quotation marks omitted). Guarino insists his substantial rights were affected because the district court was too brief. However, brevity alone does not justify reversal. Guarino must show, that but for the error, he would have probably received a more favorable sentence.

Based on a criminal history I and an offense level 29, the applicable guideline range was 87 to 108 months' imprisonment. Guarino's criminal history authorized a safety valve reduction that permitted sentencing below the mandatory minimum of 120 months (although his co-defendant was sentenced to 121 months). The district court sentenced Guarino to 87 months, a presumptively reasonable sentence on appeal. *See Rita*, 127 S.Ct. at 2462. Based on the record as a whole, Guarino did not show that but for the error, he would have probably received a more favorable sentence.

The judgment of the district court is affirmed.