# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 07-2941

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Isaias Ventura, also known as Isa, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |
| | * | |
| | * | |

_____

Submitted: April 14, 2008
Filed: June 25, 2008

_____

Before GRUENDER, BALDOCK[1] and BENTON, Circuit Judges.

_____

PER CURIAM.

Isaias Ventura pled guilty to conspiracy to distribute and possess with the intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1) and 846. The district

---

[1]The Honorable Bobby R. Baldock, United States Circuit Judge for the Tenth Circuit, sitting by designation.

court[2] imposed a sentence of 235 months' imprisonment and five years' supervised release. We affirm.

On October 18, 2006, a grand jury issued an indictment charging Ventura with conspiracy to distribute and possess with the intent to distribute 50 grams or more of methamphetamine, 500 grams or more of a mixture or substance containing methamphetamine, 50 grams or more of a mixture or substance containing cocaine base, and an unspecified amount of a mixture or substance containing cocaine. Ventura pled not guilty to the indictment. On May 18, 2007, Ventura waived his right to indictment. He then pled guilty to an information filed by the Government charging him with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine. The plea agreement prohibited Ventura from seeking a downward departure or a deviation from the advisory United States Sentencing Guidelines range. Plea Agreement at 4.

At the sentencing hearing, the district court adopted the unobjected-to findings in the presentence investigation report and determined that Ventura's advisory sentencing guidelines range was 235 to 293 months' imprisonment. While Ventura could not seek a downward departure or deviation pursuant to the plea agreement, the district court acknowledged that it could depart or vary from the guidelines range on its own initiative and stated that "[a]mong [the 18 U.S.C. § 3553(a) factors] could be, I suppose, that a person who has previously been addicted for a long time and who has turned their lives around should be given special consideration under 3553(a), and I'll certainly do that." Sentencing Tr. at 8. The district court also said, "I've got to exercise my independent judgment, and I will." *Id.* at 9. It then sentenced Ventura to 235 months' imprisonment "[t]o reflect the seriousness of the offense, to promote respect for the law, to provide for just punishment, to afford deterrence, recognizing

_____

[2]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

that the guidelines are advisory and considering all of the statutory goals of sentencing." *Id.* at 10. The district court asked if either party "wish[ed] any further elaboration of my statement of reasons," which the parties declined. *Id.* at 10-11.

Ventura now argues that his 235-month sentence is unreasonable because the district court did not properly evaluate the § 3553(a) factors and did not give sufficient weight to his successful rehabilitation from his drug addiction. He concedes that we review any procedural errors in sentencing him for plain error because he did not object at sentencing. *See United States v. Guarino*, 517 F.3d 1067, 1068 (8th Cir. 2008). However, we still review the substantive reasonableness of his sentence under the abuse-of-discretion standard. *See United States v. Burnette*, 518 F.3d 942, 946 (8th Cir. 2008), *petition for cert. filed*, --- U.S.L.W. --- (U.S. June 4, 2008) (No. 07-11317) (holding that a defendant need not object to preserve an attack on the substantive reasonableness of a sentence).

We first determine whether the district court procedurally erred in sentencing Ventura and whether any such procedural error rises to the level of reversible plain error.[3] A district court commits a procedural error by "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, . . . or failing to adequately explain the chosen sentence." *Guarino*, 517 F.3d at 1068 (quoting *Gall v. United States*, 552 U.S. ---, 128 S. Ct. 586, 597 (2007)). Ventura argues that the district court did not consider properly the § 3553(a) factors or explain adequately its sentence of 235 months' imprisonment. The district court, though, "[is] not required to conduct an explicit on-the-record discussion of every § 3553(a) factor." *United States v. Thundershield*, 474 F.3d 503, 510 (8th Cir. 2007); *see also Guarino*, 517 F.3d at 1068-69 ("When

---

[3]"Under plain error review, [Ventura] must prove that (1) there was an error, (2) the error was plain, (3) it affects substantial rights, and (4) it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Brandon*, 521 F.3d 1019, 1027 (8th Cir. 2008).

explaining the section 3553(a) factors, the district court is not required to provide a full opinion in every case."). "It must set forth enough reasons to satisfy the appellate court that it has considered the parties' arguments and has an articulate basis for exercising its own discretionary authority." *Guarino*, 517 F.3d at 1069. At the sentencing hearing, the district court listed some of the § 3553(a) factors it considered before sentencing Ventura to the low end of the advisory guidelines range. The district court also acknowledged that it could vary below the advisory guidelines range based on Ventura's rehabilitation and indicated that it would exercise its independent judgment. With the record before us, we find that the district court committed no procedural error, much less plain error, in sentencing Ventura to 235 months' imprisonment.

Next, we determine whether Ventura's sentence is substantively reasonable under the deferential abuse-of-discretion standard. *See Gall*, 128 S. Ct. at 597-98. Ventura argues that we cannot apply the presumption of reasonableness to his within-the-guidelines-range sentence, *see id.* at 597, because the district court failed to evaluate properly the § 3553(a) factors and consider his rehabilitation. His argument fails because we hold that the district court did not commit these procedural errors. Therefore, we choose to apply the presumption of reasonableness to Ventura's within-the-guidelines range sentence. *See Rita v. United States*, 551 U.S. ---, 127 S. Ct. 2456 (2007). Ventura's arguments do not overcome this presumption because the district court sentenced Ventura after giving appropriate weight to the § 3553(a) factors and considering Ventura's rehabilitation. Therefore, we conclude that Ventura's sentence is substantively reasonable.

Accordingly, we affirm Ventura's sentence.

_____