# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2792

_____

United States of America,                    *
                                             *
        Appellee,                           *
                                             *
                                             *   Appeal from the United States
    v.                                      *   District Court for the
                                             *   Eastern District of Missouri.
Gerald Haley,                                *
                                             *   [UNPUBLISHED]
        Appellant.                          *

_____

Submitted:  March 13, 2008
Filed:  July 1, 2008

_____

Before WOLLMAN, HANSEN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

      Gerald Haley pled guilty to one count of bank robbery, a violation of 18 U.S.C. § 2113(a).  The district court[1] sentenced him to 210 months' imprisonment, three years of supervised release, and a mandatory assessment of $100.  Haley appeals his sentence as unreasonable.  We affirm.

      We review a district court's sentence for reasonableness, applying an abuse-of-discretion standard.  United States v. Robinson, 516 F.3d 716, 717 (8th Cir. 2008).

_____

[1]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

A sentence is procedurally unreasonable if the district court, *inter alia*, "fail[ed] to consider the § 3553(a) factors, . . . or fail[ed] to adequately explain the chosen sentence." Id. (quoting Gall v. United States, 128 S. Ct. 586, 597 (2007)). A sentence is substantively unreasonable if, considering the totality of the circumstances, we conclude that the district court has "committ[ed] a clear error of judgment by arriving at a sentence that lies outside the limited range of choice dictated by the facts of the case." United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005); see Gall, 128 S. Ct. at 597. A sentence within the Guidelines range is accorded a presumption of substantive reasonableness on appeal. Robinson, 516 F.3d at 717.

Haley argues that the district court failed to properly consider and articulate the sentencing factors set forth in 18 U.S.C. § 3553(a). To "properly analyze[] the relevant sentencing factors," a district court is not required to provide a "full opinion in every case," but must "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Robinson, 516 F.3d at 718 (quoting Rita, 127 S. Ct. at 2468). In determining whether a district court has adequately explained its reasons for imposing a particular sentence, the context for the appellate court's review is the entire sentencing record, not merely the district court's statements at the hearing. Id. Haley also argues that his sentence, which is at the top of the sentencing range recommended by the Guidelines, is unsupported by the facts of his case.

Haley's plea agreement stipulated that the parties would request that he be sentenced within the applicable Guidelines range. The district court was not bound by the terms of the plea agreement, however, and the presentencing report suggested that an upward departure might be in order because Haley's criminal history indicated a lifetime of recidivism and violent crime. Thus, Haley's arguments at the sentencing hearing were presented primarily as resisting any upward departure and only secondarily as arguments for a sentence at the lower end of the Guidelines range. See Sent. Tr. at 4-6. Haley argued for leniency on the basis of his remorse, his family, his

cooperation with authorities, and his use of an air pistol rather than a firearm in the commission of the bank robbery.

After hearing all of Haley's arguments, the district court stated:

> Based upon the serious nature of the instant offense, which involved a bank robbery in which the defendant used a dangerous weapon, and in consideration of defendant's significant criminal history which includes five crimes of violence, including a previous bank robbery, murder, and attempted murder, and the defendant was on parole for a crime of violence at the time he committed the instant offense, the following sentence would seem to address the sentencing objectives of punishment, general deterrence, and incapacitation.

Sent. Tr. at 8.

We are satisfied that the district court was familiar with Haley's history, characteristics, and conduct and that it took those factors into account as it considered Haley's arguments and imposed sentence. Haley's criminal history gives the lie to his contention that the district court gave inadequate consideration to the § 3553(a) factors. Accordingly, we conclude that the sentence, which falls within the agreed-upon Guidelines range, is not unreasonable.

The judgment is affirmed.

_____