# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 07-1701

————————

United States of America,

        Appellee,

v.

George Mooney,

        Appellant.

Appeal from the United States
District Court for the
Eastern District of Missouri.

————————

Submitted: January 15, 2008
Filed: July 25, 2008

————————

Before COLLOTON and SHEPHERD, Circuit Judges, and ERICKSON,[1] District Judge.

————————

ERICKSON, District Judge.

George Mooney pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The district court[2] sentenced Mooney to 200 months of imprisonment. Mooney appeals this sentence, arguing that the

———————————

[1]The Honorable Ralph R. Erickson, United States District Judge for the District of North Dakota, sitting by designation.

[2]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

district court erroneously applied the Sentencing Guidelines as mandatory, failed to consider the sentencing factors under 18 U.S.C. § 3553(a), and imposed a substantively unreasonable sentence. We affirm.

## I.

On July 3, 2005, Mooney stole a .25-caliber pistol from the owner of the home where he was residing. He then traded the pistol to another individual in exchange for a small quantity of crack cocaine. Law enforcement officers eventually recovered the pistol and traced it back to Mooney, who had numerous prior felony convictions.

As a result of the foregoing incident, Mooney was indicted on one count of being a felon in possession of a firearm. He was charged as an armed career criminal under 18 U.S.C. § 924(e), which provides for a mandatory minimum term of imprisonment of 180 months. Approximately six months after his arrest on the charge, Mooney entered a plea of guilty pursuant to a plea agreement with the United States. In the plea agreement, the parties agreed that the 180-month mandatory minimum sentence would apply only if Mooney was ultimately found to be an armed career criminal, and if the armed career criminal enhancement did not apply, the maximum penalty would be a 120-month term of imprisonment under 18 U.S.C. § 924(a)(2).

Several days prior to his sentencing hearing, which was scheduled for March 12, 2007, Mooney filed a motion to continue. The district court heard arguments on the motion to continue at the beginning of the sentencing hearing. Mooney requested a continuance on several grounds, including that he needed more time to determine whether his prior convictions qualified him as an armed career criminal under 18 U.S.C. § 924(e). The district court denied the motion to continue and, over Mooney's objection, found that he was subject to the armed career criminal enhancement.

Moving into the sentencing phase of the hearing, the district court adopted the Guidelines calculation contained in the Presentence Investigation Report ("PSIR"). The PSIR calculated a total offense level of 31 and a criminal history category of VI, which resulted in a Guidelines range of 188-235 months. Under the armed career criminal statute, the mandatory minimum sentence was 180 months.

Mooney argued the district court should impose a sentence of 180 months, the mandatory minimum, based on the particular facts of his case. Specifically, Mooney pointed to the lack of violence in his offense conduct, his history of addiction to controlled substances, his recent attainment of sobriety, the success of his mental health treatment, and his cooperation with law enforcement. He also requested that any sentence imposed run concurrently to the state sentence he was serving on a controlled substance offense.

After considering the arguments advanced by the parties, the district court found that a sentence at the top of the Guidelines range was too harsh. The district court stated that it understood the circumstances which Mooney had raised regarding his commission of the offense, but also noted that he had a "significant history." The district court then sentenced Mooney to 200 months of imprisonment, which was in the middle of the Guidelines range, to run concurrently with his state sentence from that date forward.

## II.

We review the sentence imposed by the district court for an abuse of discretion. *Gall v. United States*, 128 S. Ct. 586, 597 (2007); *see also United States v. Austad*, 519 F.3d 431, 434 (8th Cir. 2008). First, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts,

or failing to adequately explain the chosen sentence–including an explanation for any deviation from the Guidelines range." *Gall*, 128 S. Ct. at 597. If the district court has made a procedurally sound sentencing decision, we then review "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* "A sentence within the Guidelines range is accorded a presumption of substantive reasonableness on appeal." *United States v. Robinson*, 516 F.3d 716, 717 (8th Cir. 2008) (citations omitted).

Mooney contends the district court committed two procedural errors during sentencing. In particular, he argues the district court erred by treating the Sentencing Guidelines as mandatory rather than advisory, and by failing to consider the sentencing factors contained in 18 U.S.C. § 3553(a). We have carefully reviewed the record as a whole and conclude that it does not support Mooney's claims of error in either respect.

In support of his contention that the district court applied the Guidelines as mandatory, Mooney points to several statements made by the district court at the sentencing hearing. However, when these statements are considered in their full context, it is clear that the district court understood the Guidelines were not mandatory. *See United States v. Booker*, 543 U.S. 220, 245, 259 (2005) (invalidating the provision of the federal sentencing statute which required district courts to impose a sentence within the applicable Sentencing Guidelines range). In this case, although the district court engaged in somewhat colorful commentary regarding the extent of its sentencing discretion, it never asserted that the Guidelines were mandatory, nor did it reject Mooney's arguments for a downward variance from the Guidelines range on the grounds that it lacked the authority to go below that range. Rather, the district court heard Mooney's arguments in support of a downward variance and found them to be unpersuasive. Based on the entire sentencing record, we are convinced the district court correctly recognized the advisory nature of the Guidelines and applied them accordingly.

Likewise, Mooney's claim that the district court improperly failed to consider the factors in 18 U.S.C. § 3553(a) is also unsupported by the record. At sentencing, the district court need not categorically recite all of the § 3553(a) factors, "as long as it is clear that the court considered those factors." *United States v. Hernandez*, 518 F.3d 613, 616 (8th Cir. 2008); *see also United States v. Guarino*, 517 F.3d 1067, 1068-69 (8th Cir. 2008) ("When explaining the section 3553(a) factors, the district court is not required to provide a full opinion in every case."). Indeed, "when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Rita v. United States*, 127 S. Ct. 2456, 2468 (2007). In those circumstances, it may well be clear "that the judge rests his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical case, and that the judge has found that the case before him is typical." *Id.*

Here, although the district court's explanation of the reasons for its sentence was rather brief, we are satisfied that it properly considered the § 3553(a) factors based on the entire sentencing record. *See Robinson*, 516 F.3d at 718 (stating that on appeal, we review "the entire sentencing record, not merely the district court's statements at the hearing"). At sentencing, Mooney argued that a downward variance was warranted based on the § 3553(a) factors, particularly the nature and circumstances of the offense and the history and characteristics of the defendant. Specifically, Mooney pointed to his lack of violence during the offense conduct, his history of chemical dependency and mental illness, and the recent progress that he had made in terms of achieving sobriety and obtaining proper treatment for his mental health issues. The district court also reviewed the PSIR, which contained further information about Mooney's personal history, including his troubled childhood and his rather extensive criminal history.

After hearing Mooney's arguments in favor of a downward variance and reviewing the information contained in the PSIR, the district court imposed a sentence of 200 months, which was in the middle of the Guidelines range. The district court was clearly aware of the particular factors involved in Mooney's case which might have weighed in favor of a more lenient sentence under § 3553(a), and therefore we conclude it considered those factors. *See United States v. Fields*, 512 F.3d 1009, 1013 (8th Cir. 2008) (citing *United States v. Miles*, 499 F.3d 906, 909 (8th Cir. 2007)). The district court ultimately determined that the case before it was typical and did not warrant a sentence outside the Guidelines range. Mooney's contention that the district court would have varied downward to the mandatory minimum sentence of 180 months if it had considered the § 3553(a) factors is belied by the fact that the district court did not even sentence him at the low end of the applicable Guidelines range.

We note that it would have been preferable for the district court to provide a more extensive analysis of the § 3553(a) factors before imposing sentence in this case. *See United States v. Roberson*, 517 F.3d 990, 994 (8th Cir. 2008). However, in light of the "straightforward, conceptually simple arguments" presented by the parties, the district court's statement of reasons in support of its sentence, "though brief, was legally sufficient." *Rita*, 127 S. Ct. at 2468.

Finally, Mooney also challenges the substantive reasonableness of the sentence imposed by the district court. After taking into account the totality of the circumstances in this case, *see Gall*, 128 S. Ct. at 597, and according a presumption of reasonableness to the sentence, which is within a properly calculated Guidelines range, *see Robinson*, 516 F.3d at 717, we conclude the district court did not abuse its discretion in sentencing Mooney to 200 months. The district court considered the Guidelines range and the appropriate factors under 18 U.S.C. § 3553(a), and we are not persuaded that it committed a clear error of judgment when weighing those factors or otherwise reached an unreasonable decision. *See United States v. Abdullahi*, 520 F.3d 890, 893 (8th Cir. 2008) (quotations omitted). "A district court does not abuse

its discretion by imposing a sentence within the applicable guidelines range merely because the statutory minimum sentence is lower than the guidelines range." *United States v. Garcia*, 512 F.3d 1004, 1006 (8th Cir. 2008).

III.

The judgment of the district court is affirmed.

_____