# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2298

_____

United States of America,　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　Plaintiff - Appellee,　　*　Appeal from the United States
　　　　　　　　　　　　　　　　　　*　District Court for the
　　　v.　　　　　　　　　　　　　　*　District of Minnesota.
　　　　　　　　　　　　　　　　　　*
Dejuan Haywood Haggins,　　　　　　*　　[UNPUBLISHED]
　　　　　　　　　　　　　　　　　　*
　　　　　　Defendant - Appellant.　*

_____

Submitted: December 8, 2008
Filed: January 6, 2009

_____

Before COLLOTON, BRIGHT, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Appellant Dejuan Haywood Haggins challenges his sentence, arguing that the district court[1] abused its discretion by failing to consider his mental condition or his acceptance of responsibility when it imposed a 188-month sentence after he pleaded guilty to armed bank robbery, 18 U.S.C. § 2113(a), (d). Having jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, we affirm.

_____

[1]The Honorable Joan Ericksen, United States District Court for the District of Minnesota.

## BACKGROUND

In July 2007, Haggins was indicted on one count of armed bank robbery, 18 U.S.C. § 2113(a), (d), and two counts of bank robbery, 18 U.S.C. § 2113(a). In exchange for the dismissal of the two counts of bank robbery, Haggins agreed to plead guilty to one count of armed bank robbery in February 2008. Haggins also stipulated that he was a career offender and his likely guideline range would be 188 to 235 months' imprisonment.

At Haggins's May 2007 sentencing, he sought a downward departure from the Sentencing Guidelines range, citing his mental condition and his acceptance of responsibility. Haggins asserted that, although a psychological evaluation found him competent to stand trial, he has mental conditions that nonetheless mitigate his culpability. The district court declined to depart below the guidelines range, adopted the recommendations in the presentence-investigation report, and sentenced Haggins to 188 months' imprisonment, which is the bottom of the guidelines range. This appeal follows.

## DISCUSSION

We review the imposition of a particular sentence for an abuse of discretion. *See Gall v. United States*, 552 U.S. ----, 128 S. Ct. 586, 591 (2007). We may review a defendant's sentence for "both the procedural soundness of the district court's decision and the substantive reasonableness of the sentence imposed." *United States v. Merrival*, 521 F.3d 889, 890 (8th Cir. 2008). A district court commits procedural error by, for example, failing to calculate (or improperly calculating) the guidelines range, treating the guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. *See Gall*, 128 S. Ct. at 597.

Haggins argues that the district court committed procedural error by "fail[ing] to properly consider [his] characteristics in violation of section 3553(a)." Specifically, Haggins argues that the district court considered his mental illness only "in the context of appropriate [Bureau of Prisons] placement—not in relation to the appropriate length of the sentence term." We disagree.

The record shows that the district court not only was aware of Haggins's mental-health history, but also imposed a shorter sentence because of it. For example, the sentencing transcript indicates that the district court acknowledged that Haggins's "mental health issues are a concern." The district court stated that it would "recommend to the Bureau of Prisons that they put you in an institution that can handle your psychiatric issues as well as your extensive criminal history." Additionally, the district court stated the following:

> I think a reasonable argument could be made that a sentence more toward the 235 months of the range would be appropriate.
>
> On the other hand, that would be a lot of time for the crime that you're convicted of. So I am going to take you at your word that you are going to try to get these mental health issues under control and that you're not going to return to a life of violence and non-medicated mental illness. And I'm going to give you a sentence toward the low end of the guideline range. In fact, I'm going to sentence you at the bottom of the guideline range which is 188 months.
>
> And I will recommend, as I said, that the Bureau of Prisons put you in an institution that can deal with your mental health issues as well, obviously, as your criminal history.

Thus, the record belies Haggins's argument that the district court was unaware of, or failed to consider the effect of, his mental-health history.

Haggins also appears to contend that the district court failed to take his extraordinary acceptance of responsibility into account. We note, as an initial matter, that it is difficult to determine if Haggins challenges this issue because his appellate brief makes no argument as to why he was entitled to a departure on this basis. But even assuming the fact that Haggins raises this issue, the record shows that he argued to the district court that he should receive a downward departure because of his acceptance of responsibility in his sentencing position and at the sentencing hearing. *See United States v. Mooney*, 534 F.3d 944, 947 (8th Cir. 2008) (holding that a district court properly considered the § 3553(a) factors when the record showed that the parties had argued the disputed issues to the court). Moreover, the record shows that the district court was aware of the extent of Haggins's acceptance of responsibility because it reduced his offense level on account of his acceptance of responsibility. We conclude, therefore, that the district court did not abuse its discretion at sentencing.

## CONCLUSION

Accordingly, we affirm Haggins's sentence.

_____