# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 08-1370

———————

| | |
|---|---|
| David Forrester, | * |
| | *    Appeal from the United States |
| Appellant, | *    District Court for the |
| | *    Eastern District of Arkansas |
| v. | * |
| | *     [UNPUBLISHED] |
| United States of America, | * |
| | * |
| Appellee. | * |
| | * |

———————

Submitted: December 8, 2008
Filed: January 14, 2009

———————

Before MELLOY, and BENTON, Circuit Judges, and DOTY,[1] District Judge.

———————

PER CURIAM.

David Stanford Forrester Jr. was charged in separate indictments with conspiracy to distribute more than 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possession of counterfeit federal reserve notes in violation of 18 U.S.C. § 472. Forrester pleaded guilty to both counts before different

---

[1]The Honorable David S. Doty, United States District Court for the District of Minnesota, sitting by designation.

judges and the cases were later consolidated for sentencing. The district court[2] sentenced Forrester to 135 months imprisonment on each conviction to run concurrently. Forrester appeals his sentence with respect to the counterfeit conviction only. We affirm.

At the February 1, 2008, sentencing, the district court calculated Forrester's adjusted offense level on the drug conviction to be thirty-two based upon defendant's admitted responsibility for more than 500 grams but less than 1.5 kilograms of methamphetamine. See U.S. Sentencing Guidelines Manual § 2D1.1(c) (2005). The district court determined the adjusted offense level for defendant's counterfeit conviction to be fifteen. See id. §§ 2B1.1(b)(1)(C), 2B5.1(a), 2B5.1(b)(2)(A). Because the counterfeit conviction's adjusted offense level was nine or more levels less than the drug conviction's adjusted offense level, the combined offense level for both convictions was thirty-two. See id. § 3D1.4(c). With a three-point reduction for acceptance of responsibility, defendant's final adjusted offense level was twenty-nine. See id. § 3E1.1. Based on a criminal history category IV, the applicable Guidelines range was 121 to 151 months imprisonment. The district court sentenced Forrester to concurrent sentences within that range.[3] See id. § 5G1.2. Forrester did not object at sentencing.

On February 7, 2008, Forrester moved to reduce his sentence on the counterfeit conviction pursuant to Federal Rules of Criminal Procedure 35(a) and 36, arguing that the district court sentenced him to 135 months through oversight or omission. See Fed. R. Crim. P. 35(a) ("[C]ourt may correct a sentence that resulted from

_____

[2] The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

[3] The statutory maximum penalty for the drug conviction was life imprisonment, 21 U.S.C. § 841(b)(1)(A), and twenty years for the counterfeit conviction, 18 U.S.C. § 472.

arithmetical, technical, or other clear error."), 36 ("[C]ourt may at any time correct a clerical error [or] an error in the record arising from oversight or omission."). Forrester alleged that, based on an adjusted offense level of 12, which included the three-point acceptance of responsibility reduction, and a criminal history category IV, he should have been sentenced on the counterfeit conviction pursuant to a Guidelines sentencing range of 21 to 27 months.[4]  The district court denied the motion on February 8, 2008.

Forrester argues on appeal that the 135-month sentence for the counterfeit conviction violates 18 U.S.C. § 3553(a)'s requirement that a sentence be "sufficient, but not greater than necessary, to comply with" the statutory purposes of sentencing set forth in § 3553(a)(2).  We review the substantive reasonableness of the district court's sentence for an abuse of discretion.  Gall v. United States, 128 S.Ct. 586, 597 (2007); see also United States v. Vonner, 516 F.3d 382, 389 (6th Cir. 2008) (en banc) (defendant need not object to substantive reasonableness of sentence to preserve issue for appeal).

Forrester contends that his sentence on the counterfeit conviction is substantively unreasonable because without the drug conviction his Guidelines sentencing range would have been 21 to 27 months.  This argument, however, ignores the drug conviction's effect on the application of the Guidelines.  As a result of that conviction, the combined offense level of the two convictions is determined pursuant to Guidelines § 3D1.4, and a concurrent sentence on the convictions is imposed, subject to certain exceptions, pursuant to Guidelines § 5G1.2.  The district court correctly applied the Guidelines, and the sentence within the applicable range is "accorded a presumption of substantive reasonableness on appeal."  United States v.

---

[4] Forrester acknowledged the concurrent sentence on the drug conviction but moved for a reduction on the "possibility, however remote, that Congress might decide to decriminalize the sale of methamphetamine and other controlled substances, or to reduce [his] sentence retroactively."  (Clerk's R. at 12.)

Robinson, 516 F.3d 716, 717-18 (8th Cir. 2008) (citation omitted).  Forrester's arguments do not overcome this presumption.  Accordingly, we conclude that the sentence imposed by the district court was not substantively unreasonable.

The judgment is affirmed.

_____