# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3350

_____

|                              |   |                                   |
|------------------------------|---|-----------------------------------|
| United States of America,    | * |                                   |
|                              | * |                                   |
| Appellee,                    | * |                                   |
|                              | * | Appeal from the United States     |
| v.                           | * | District Court for the            |
|                              | * | Southern District of Iowa.        |
| Tracy Alan Barnett,          | * |                                   |
|                              | * |                                   |
| Appellant.                   | * |                                   |

_____

Submitted: June 12, 2009
Filed: July 28, 2009 (corrected 7/28/09)

_____

Before MURPHY, SMITH, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

The appellant, Tracy Alan Barnett, pled guilty to one count of possession of child pornography, see 18 U.S.C. § 2252(a)(4)(B), and one count of receiving child pornography, see id. § 2252(a)(2). The district court[1] imposed concurrent sentences of 240 months imprisonment to be followed by concurrent terms of ten years of supervised release. On appeal, Barnett asserts that (1) the district court abused its discretion in referring to the Sentencing Guidelines, (2) the district court applied the Sentencing Guidelines as mandatory, (3) United States Sentencing Commission,

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

Guidelines Manual, §2G2.2(B) should not have been applied in his case, and (4) his sentence was unreasonable. We affirm.

Barnett shared an apartment in Davenport, Iowa, with Andrea Davis and her eight-year old daughter. In October 2006, police officers were summoned to the apartment by Davis who had discovered items of a sexual nature in Barnett's room, including a sexually explicit photograph of a female child on the screen of Barnett's computer. Barnett declined to provide written consent for the search of his room as requested by police. A check of Barnett's criminal history revealed him to be a prior sex offender who was required to register his current address under Iowa law, and Barnett was arrested for failing to register. Officers subsequently obtained a search warrant and searched Barnett's room. The search yielded photographs depicting child pornography, other items of a sexual nature, personal computers, and a laptop computer. Forensic examination of one of the personal computers disclosed images of child pornography which had been received via the internet while the computer was in Barnett's possession.

At sentencing, the district court grouped the counts of conviction pursuant to §3D1.2(b) and established a base offense level of 22. The district court decreased the base offense level by two levels because the court determined that Barnett's conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor and the defendant did not intend to traffic in or distribute such material. See USSG §2G2.2(b)(1). The district court added two levels to the offense level because the material involved a prepubescent minor or a minor who had not attained the age of 12 years, see id. §2G2.(b)(2); added four levels because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence, see id. §2G2.2(b)(4); added two levels because the offense involved the use of a computer, see id. §2G2.2(b)(6); and added five levels because the offense involved 600 or more images, see id. §2G2.2(b)(7)(D), yielding an adjusted offense level of 33. Barnett was denied an adjustment for acceptance of responsibility. See

id. §3E1.1. Barnett's total offense level of 33 and criminal history category of VI corresponded to an advisory Sentencing Guidelines range of 235 to 293 months. Because Barnett had prior convictions for sexually abusing a minor, the mandatory statutory sentencing range under count one was 120 to 240 months, see 18 U.S.C. § 2252(b)(2), and under count two was 180 to 480 months, see id. § 2252(b)(1). Although Barnett sought sentences at the statutory minimum, the district court imposed concurrent sentences of 240 months on each count.

On appeal, Barnett begins by asserting two claims that are foreclosed by Supreme Court precedent. He first contends that the district court abused its discretion in utilizing the Sentencing Guidelines in his sentencing because the United States Sentencing Commission and the Guidelines it has promulgated represent a violation of the Constitution's separation of powers doctrine. We must reject this contention out of hand. The Supreme Court addressed and rejected Barnett's position in Mistretta v. United States, 488 U.S. 361, 380-84 (1989) (holding that delegation by Congress to the Sentencing Commission, an independent agency within the judicial branch, of power to promulgate Sentencing Guidelines does not violate separation of powers doctrine). Recognizing this authority, Barnett submits that "[t]his court must revisit the rationale of Mistretta." (Appellant's Br. 17.) This we can not do. "[O]nly [the Supreme Court] may overrule one of its precedents." Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd., 460 U.S. 533, 535 (1983); see also Hutto v. Davis, 454 U.S. 370, 375, (1982) (providing that precedent of Supreme Court must be followed by lower federal courts no matter how misguided the judges of those courts may think it to be).

In a similar vein, Barnett asserts that the district court abused its discretion in referring to the Guidelines. Barnett questions the continued utility of the Guidelines for sentencing purposes, argues that the Guidelines sentencing regime has not led to uniformity in federal sentences, and claims that the application of the Guidelines has generated a division of opinion in the federal judiciary as to the "wisdom and value

of the Guidelines." (Appellant's Br. 22.) Again, our consideration of Barnett's contention is foreclosed by the Supreme Court, which has mandated that "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." Gall v. United States, 128 S. Ct. 586, 596 (2007).

Next, Barnett asserts that the district court procedurally erred by applying the Guidelines as mandatory in his case. Barnett urges this point without specificity, generally contending that his sentences were determined through the mechanical application of the Guidelines and relying primarily upon the fact that the sentences imposed fall within the Guidelines range. We reject this contention. A review of the sentencing transcript reveals that the district court expressly noted the advisory nature of the Guidelines. Further, the court gave no indication that it viewed its sentencing discretion as limited by the Guidelines range. The court carefully considered Barnett's arguments for a downward variance below the Guidelines range but found them unpersuasive. We conclude that the district court properly applied the Guidelines as advisory. See United States v. Mooney, 534 F.3d 944, 946-47 (8th Cir. 2008) (concluding that the district court did not apply the Guidelines as mandatory where the court made no assertion at sentencing that the Guidelines were mandatory in nature and did not reject the defendant's arguments for a below-Guidelines sentence as being beyond its authority but found such arguments unpersuasive).

Finally, Barnett submits that the sentences imposed in this case are unreasonable. "We review all sentences, whether inside or outside the Guidelines range, under a deferential abuse of discretion standard." United States v. Pepper, 518 F.3d 949, 951 (8th Cir.), cert. denied, 129 S. Ct. 138 (2008) (citing Gall, 128 S. Ct. at 597). An abuse of discretion may be found where the district court "fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Kowal, 527 F.3d 741, 749 (8th Cir.), cert. denied, 129 S. Ct. 612

(2008) (quotation omitted). In considering the substantive reasonableness of a sentence, we consider the totality of the circumstances. United States v. Bain, 537 F.3d 876, 879 (8th Cir. 2008) (per curiam), vacated on other grounds and remanded, 129 S. Ct. 2157 (2009).

We find no abuse of discretion in Barnett's sentences. First, as these sentences are within the Guidelines range, we are permitted to apply a presumption of reasonableness.[2] Rita v. United States, 127 S. Ct. 2456, 2462 (2007); United States v. Canania, 532 F.3d 764, 773 (8th Cir. 2008), cert. denied, 129 S. Ct. 609 (2008), and 129 S. Ct. 938 (2009). We further conclude that the district court adequately considered the sentencing record and expressly considered the 18 U.S.C. § 3553(a) factors. Accordingly, we conclude that the sentences imposed are not substantively unreasonable.

Appellant's sentence is affirmed.

_____

[2]Barnett submits that this "presumption of reasonableness" should be abandoned as a general matter and that a presumption of reasonableness should not be afforded to the sentences imposed in this case where the Guidelines range was calculated with reference to Guidelines §2G2.2(B) because the §2G2.2 enhancements are the product of Congressional direction rather than a Sentencing Commission study. We reject these contentions as we continue to operate under instructions from the Supreme Court that we may afford a presumption of reasonableness to a sentence imposed within the Guidelines range, Rita v. United States, 127 S. Ct. 2456, 2462 (2007), and we have previously rejected the claim that the presumption of reasonableness may not be afforded to a sentence within a Guidelines range calculated with reference to §2G2.2. See United States v. Kiderlen, No. 07-3902, 2009 WL 1740185, at *10 (8th Cir. June 22, 2009).