# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1923

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| James Wensel, Jr., | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: January 13, 2010
Filed: February 23, 2010

_____

Before MURPHY and BYE, Circuit Judges, and STROM,[1] Senior District Judge.

_____

PER CURIAM.

The district court[2] sentenced appellant James Wensel to 235 months of imprisonment for violating 18 U.S.C. § 2252(a)(2), which criminalizes trafficking of child pornography. Wensel appeals the district court's application of a seven-level

_____

[1] The Honorable Lyle E. Strom, Senior District Judge for the District of Nebraska, sitting by designation.

[2] The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

enhancement, pursuant to U.S.S.G. § 2G2.2(b)(3)(E), and the district court's refusal to grant a sentence below the Guidelines' recommendation.

The Court examines de novo the applicability of a sentencing enhancement, while reviewing for clear error the district court's factual determinations underlying the application of a sentencing enhancement. *United States v. Branch*, ___ F.3d ___, 2009 WL 5125210, *7 (8th Cir. Dec. 30, 2009) (publication forthcoming). Under the Guidelines, a sentence for child pornography trafficking is enhanced by seven levels "if the offense involved . . . [d]istribution to a minor that was intended to persuade, induce, entice, or coerce the minor to engage in prohibited sexual conduct." U.S.S.G. § 2G2.2(b)(3)(E). The Court finds no error in the district court's findings that Wensel's conduct -- which included distributing child pornography photographs, videos of himself masturbating in front of a web camera, and sexually explicit language to (what Wensel thought) were thirteen and eleven year old girls -- evinced an intent to persuade a minor to engage with Wensel in prohibited sexual conduct. Accordingly, U.S.S.G. § 2G2.2(b)(3)(E) is clearly applicable.

Wensel also challenges the reasonableness of his 235-month sentence. The Court undertakes a two-step analysis in reviewing a sentence. First, the Court must determine whether the district court committed a significant procedural error in determining Wensel's sentence. *United States v. Sawyer*, 588 F.3d 548, 555 (8th Cir. 2009) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). Then, if no significant procedural errors are found, the Court reviews "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Sawyer*, 588 F.3d at 555 (quoting *United States v. Robinson*, 516 F.3d 716, 717 (8th Cir. 2008)).

Wensel argues the district court committed a significant procedural error by relying on inaccurate or misconstrued information in Wensel's presentence investigation report. A significant procedural error can occur if the district court selects a sentence based on clearly erroneous facts. *Gall*, 552 U.S. at 51. Upon

reviewing the record, the Court finds the district court did not clearly err in its factual findings.

Furthermore, the Court finds the district court did not abuse its discretion in imposing a 235-month sentence upon Wensel. The district court properly analyzed the factors to be considered in imposing a sentence, see 18 U.S.C. § 3553(a), and there is nothing to indicate the district court considered the Guidelines mandatory. *See United States v. Clay*, 579 F.3d 919, 930 (8th Cir. 2009). Thus, the Court finds Wensel's sentence was substantively reasonable. *See United States v. Lincoln*, 413 F.3d 716, 717 (8th Cir. 2005) (stating appellant courts may find a sentence presumptively reasonable if the sentence falls within the Guidelines' recommended range).

The sentence of the district court is AFFIRMED.

_____