# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2470

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Arkansas. |
| | * | |
| Jeremy Thomas Estes, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: February 3, 2011
Filed: February 8, 2011

_____

Before WOLLMAN, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

A jury found Jeremy Thomas Estes guilty of six counts of receiving child pornography (Counts 1–6) and one count of possessing computer equipment containing child pornography (Count 7), 18 U.S.C. § 2252(a)(2), (a)(4)(B), (b). At sentencing, Estes stipulated that he had violated the terms of his supervised release from a 2003 conviction. The District Court[1] sentenced him within the advisory Guidelines range to concurrent prison terms of 262 months on Counts 1–6, 240 months on Count 7, and 18 months on the supervised-release revocation; a life term

_____

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

of supervised release; and a fine of $20,000. On appeal, Estes's counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), in which she seeks to withdraw, challenges the sentence as unreasonable, and—citing United States v. Burkholder, 590 F.3d 1071 (9th Cir. 2010)—argues that the District Court erred in allowing victim impact statements to be attached to the presentence report.

We conclude that the District Court took into account all the relevant sentencing factors, committed no procedural error, and imposed a substantively reasonable sentence. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (describing factors that demonstrate procedural error); United States v. Watson, 480 F.3d 1175, 1177 (8th Cir.) (explaining how a district court may abuse its discretion so that it imposes an unreasonable sentence), cert. denied, 552 U.S. 927 (2007); see also United States v. Barnett, 574 F.3d 600, 603–04 (8th Cir.) (holding that concurrent 240-month prison sentences for one count of receiving and one count of possessing child pornography were not unreasonable), cert. denied, 130 S. Ct. 766 (2009). Further, we are not persuaded that Burkholder requires detachment of victim statements from the presentence report, see 590 F.3d at 1074–77, and we conclude that the District Court's decision on this issue was not erroneous.

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues for appeal. Accordingly, we grant counsel leave to withdraw, and we affirm the judgment of the District Court.

_____