# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1364

_____

United States of America,

        Appellee,

v.

Brandon K. Hill,

        Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Eastern District of Missouri.
\*
\*
\*
\*

_____

Submitted: September 25, 2008
Filed: January 12, 2009

_____

Before RILEY, BRIGHT, and MELLOY, Circuit Judges.

_____

RILEY, Circuit Judge.

Brandon K. Hill (Hill) pled guilty to one count of knowingly and willingly enticing an adult female to travel in interstate commerce for purposes of prostitution, in violation of 18 U.S.C. § 2422(a). Hill's advisory Guidelines range was 15-21 months. The district court[1] found the Guidelines range was insufficient to achieve an appropriate sentence, and an upward variance was warranted. The district court

_____

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

sentenced Hill to 51 months imprisonment, to run consecutively to a 174-month sentence Hill was already serving in the Western District of Oklahoma. Hill appeals, arguing the district court procedurally erred by failing to explain adequately the basis for its sentencing decision and by comparing Hill's offense to other sex crimes. Hill also argues the 51-month sentence was substantively unreasonable. We affirm.

## I.    BACKGROUND

Hill met the 19-year-old victim, S.S., at a gas station in Hazelwood, Missouri, in December of 2004. Some months later, Hill bought a plane ticket so S.S. could fly to Dallas, Texas, to meet Hill. Hill told S.S. he was a pimp. S.S. left Dallas, but returned to Dallas in March of 2005 and began to work as a prostitute for Hill. S.S. traveled to Philadelphia, Pennsylvania; San Antonio, Texas; Austin, Texas; Raleigh, North Carolina; Milwaukee, Wisconsin; Kansas City, Missouri; Kansas City, Kansas; and St. Louis, Missouri, to work as a prostitute for Hill. S.S. turned over all of her prostitution proceeds to Hill.

Between August 2, 2005, and August 10, 2005, Hill induced S.S. to travel to Overland Park, Kansas, to work as a prostitute. Hill then induced S.S. to travel from Overland Park, Kansas, to St. Louis, Missouri, to work as a prostitute. S.S. was arrested in St. Louis, Missouri, for possession of marijuana by Maryland Heights Police. Police officers searched S.S.'s cell phone memory and found numbers, photos of Hill, and extensive text messages between S.S. and Hill. These messages discussed travel, prostitution, and the proceeds of the prostitution. Hill was charged with a single count of knowingly and willingly enticing an adult female to travel in interstate commerce for purposes of prostitution. See 18 U.S.C. § 2422(a). Hill admitted his involvement and pled guilty.[2]

---

[2]In separate proceedings in the Western District of Oklahoma, a jury found Hill guilty of various other charges arising from Hill's involvement in prostitution offenses. The Oklahoma charges did not involve S.S., but did involve minor victims, one 17 years old and another under 14 years old. The Oklahoma district court

The court and the parties agreed Hill had a total offense level of 12 and a criminal history category of III, resulting in an advisory Guidelines range of 15 to 21 months. At Hill's sentencing hearing, the court considered Guideline departures under §§ 5K2.3 (extreme psychological injury) and 5K2.8 (extreme conduct), but determined there was no evidence to support either of these departures. However, the district court disagreed with the Guidelines range for Hill's offense and found the factors set forth in 18 U.S.C. § 3553(a) warranted an upward variance. The district court declared:

> I do find, under 18 U.S.C. 3553(a), when I look at deterrence, the repetition of the activity and the fear that it will be repeated, and to protect the public from future crimes, and to avoid unwanted [sic] sentencing disparities, that a sentence of 51 months is an appropriate sentence to satisfy the statutory purposes of sentencing.
>
> . . . The sentence is to run consecutive to the sentence he's currently serving in the Western District of Oklahoma[.]

At Hill's sentencing, the district court acknowledged, "I have to be candid. I probably came as close to falling out of my chair as I ever have as a federal judge when I saw the recommended range of punishment on Mr. Hill's case for a violation of the Mann Act for moving a woman across multiple state lines for the purpose of prostitution." The district court compared and contrasted Hill's offense and Guidelines range with sentences the court had imposed on other defendants for possession of child pornography, declaring,

> I've given out sentences for possession – not manufacturing, not distribution, not transportation – of child pornography of up to 237 months.

---

sentenced Hill to 174 months imprisonment.

Here is an actual person being used in prostitution by [Hill], being moved across state lines for the purposes of prostitution, and the guidelines recommend a sentence of 15 to 21 months? I'm having a hard time putting that in context under unwanted [sic] sentencing disparities.

I know they're not the same, but here we're dealing with a real person who's in prostitution. [Hill] is keeping the proceeds of that money.

Shortly thereafter, the district court reiterated:

So I have on one hand a series of sentences that happen much more frequently where we sentence someone to prison for downloading pictures off the internet. As awful as they are, they're downloading photographs. Here we have an individual who actually had a woman in essence in servitude serving as a prostitute for his monetary benefit. And I need some help in where to put this in context of the nature of federal sentencing.

I think the whole panoply of 3553(a) is open for discussion, and I would like to hear that discussion so I can best determine what to do today.

The court clarified that it recognized Hill's victim was not a juvenile, and the purpose of the court's comparison between child pornography and Hill's offense was because "we don't see many Mann Act cases in federal court[,]" and child pornography is "the most common sex-related crime that the federal courts deal with." The court explained, "[s]o I was trying to put [Hill's offense] in context and calibrate it appropriately."

The court later compared Hill's Guidelines range to financial crimes, stating, "This is the kind of guideline range I would typically see from a credit card scam, and I don't think I can compare the two," and "[Hill's Guidelines range] looks more like a credit card identity theft case than it does a Mann Act, you know, subjecting a

woman to prostitution across state lines type of case." The court also compared Hill's Guidelines range to that of a drug offender, saying, "You know, 5 grams of crack cocaine gets you an automatic 60 months in the federal penitentiary."

Ultimately, the court found "that under 3553(a) the guideline range here that is recommended is not appropriate given the total circumstances of this case when I compare and contrast them to all these other cases." The court explained, "I'm just convinced that the guidelines are wrong here, given the human effects here of a woman in prostitution exposed to health risk, sexually transmitted diseases, and she's turning over her proceeds to another person. And those aren't just common sense. I don't think we can argue about those facts."

Hill argues the district court procedurally erred in imposing the 51-month sentence because the district court (1) did not adequately explain the reason for the variance, and (2) improperly compared Hill's crime with other crimes, primarily child pornography. Hill also argues the 51-month sentence was substantively unreasonable.

## II.   DISCUSSION
### A.     Standard of Review
The first step in reviewing a sentence is to "ensure that the district court committed no significant procedural error." Gall v. United States, __ U.S. __, 128 S. Ct. 586, 597 (2007). Examples of procedural error include: "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." Id.

Hill failed to object at sentencing to any alleged procedural sentencing error. "If a defendant fails to object timely to a procedural sentencing error, the error is forfeited and may only be reviewed for plain error." United States v. Vaughn, 519

F.3d 802, 804 (8th Cir. 2008) (citing <u>United States v. Pirani</u>, 406 F.3d 543, 549 (8th Cir. 2005) (en banc); <u>United States v. Guarino</u>, 517 F.3d 1067, 1068-69 (8th Cir. 2008)). "Under plain error review, the defendant must show: (1) an error; (2) that is plain; and (3) that affects substantial rights." <u>Id.</u> (citing <u>Johnson v. United States</u>, 520 U.S. 461, 466-67 (1997); Fed. R. Crim. P. 52(b)). Even if the defendant shows these three conditions are met, we "may exercise [our] discretion to correct a forfeited error only if it 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" <u>Id.</u> at 804-05 (quoting <u>Johnson</u>, 520 U.S. at 467, in turn quoting <u>United States v. Olano</u>, 507 U.S. 725, 732 (1993)).

If we determine the district court committed no plain procedural error that affected Hill's substantial rights and seriously affected the fairness, integrity, or public reputation of Hill's sentencing, we will "then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard . . . , tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." <u>See</u> <u>Gall</u>, 128 S. Ct. at 597. "In contrast to procedural errors, a defendant does not forfeit an attack on the substantive reasonableness of a sentence by failing to object in the district court." <u>Vaughn</u>, 519 F.3d at 805 (citation omitted).

Although "[we] may consider the extent of the deviation, [we] must give due deference to the district court's decision that the § 3553(a) factors, on the whole, justify the extent of the variance." <u>Gall</u>, 128 S. Ct. at 597. "The sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case." <u>Id.</u> (quotation and citation omitted). Therefore, "[t]he fact that [we] might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." <u>Id.</u>

**B.    Sentencing Procedure**

**1.    Explanation of Hill's Sentence**

Hill first contends the district court committed procedural error by failing adequately to explain the chosen sentence.  Gall sets forth the procedure to be followed in sentencing a criminal defendant. The district court should begin "by correctly calculating the applicable Guidelines range." Gall, 128 S. Ct. at 596 (citing Rita v. United States, __ U.S. __, 127 S. Ct. 2456 (2007)).   "[T]he Guidelines should be the starting point and the initial benchmark [, but] [t]he Guidelines are not the only consideration[.]" Id. The district judge should allow "both parties an opportunity to argue for whatever sentence they deem appropriate," and then should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." Id.  The district judge

> must make an individualized assessment based on the facts presented. If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. [It is] uncontroversial that a major departure should be supported by a more significant justification than a minor one.  After settling on the appropriate sentence, he must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.

Id. at 597 (citing Rita, 127 S. Ct. 2456).

In explaining the chosen sentence and analyzing the relevant § 3553(a) factors, "a district court is not required to provide 'a full opinion in every case,' but must 'set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." United States v. Robinson, 516 F.3d 716, 718 (8th Cir. 2008) (quoting Rita, 127 S. Ct. at 2468).

The district court in Hill's case provided ample explanation of its rationale for the sentence imposed. The court focused directly on the facts of Hill's case and the harm caused by Hill's conduct, making the following statements at sentencing: (1) "[Hill's victim] is a real person, subjected to prostitution, controlled by [Hill], moving at least from Kansas to Missouri"; (2) "That begs the question about the amount and level of psychological control one must have in order for a woman to submit to prostitution and give you the money she receives from that conduct"; (3) "This woman [] is real. She's not a photograph. She's not something that was downloaded from the internet and just saved on a hard drive, as horrible as that is . . ."; and (4) "I'm just convinced that the guidelines are wrong here, given the human effects here of a woman in prostitution exposed to health risk, sexually transmitted diseases, and she's turning over her proceeds to [Hill]." The district court further explained, "under 18 U.S.C. [§] 3553(a), when I look at deterrence, the repetition of the activity and the fear that it will be repeated, and to protect the public from future crimes, and to avoid unwanted [sic] sentencing disparities, that a sentence of 51 months is an appropriate sentence to satisfy the statutory purpose of sentencing." The district court's explanation was more than "enough to satisfy [this court] that he ha[d] considered the parties' arguments and ha[d] a reasoned basis for exercising his own legal decisionmaking authority." Robinson, 516 F.3d at 718 (quoting Rita, 127 S. Ct. at 2468). The district court did not commit significant procedural error, much less plain error, in explaining Hill's sentence.

### 2.    Comparison of Hill's Offense to Other Offenses

Hill also contends the district court procedurally erred by comparing Hill's prostitution offense to other offenses, namely possession of child pornography. There is no evidence the district court mistakenly conflated Hill's offense with a child pornography offense or any other offense or made erroneous factual findings with respect to Hill's conduct. See Gall, 128 S. Ct. at 597 (declaring it is procedural error to "select[] a sentence based on clearly erroneous facts"). On the contrary, the sentencing transcript clearly reflects the district court's awareness the two offenses are

"not the same" and Hill's victim was not a juvenile. The purpose of the court's comparison between child pornography and Hill's offense was because "we don't see many Mann Act cases in federal court[,]" and child pornography is "the most common sex-related crime that the federal courts deal with." The court explained, "[s]o I was trying to put [Hill's offense] in context and calibrate it appropriately." The court later compared Hill's Guidelines range to sentences typically imposed in credit card identity theft cases. The court also commented, "You know, 5 grams of crack cocaine gets you an automatic 60 months in the federal penitentiary."

The district court was not required to sentence Hill in a vacuum or disregard its substantial sentencing experience. Cf. Gall, 128 S. Ct. at 597-98 (observing district courts are in a better position to find facts, judge their import under § 3553(a), and make credibility determinations because district courts "see so many more Guidelines sentences than appellate courts do") (citation omitted). Hill cites no authority prohibiting a district court from comparing a defendant's crime to other types of crimes in an attempt to calibrate the relative severity of a defendant's conduct and impose an appropriate sentence. Our search discloses no such authority. We therefore conclude the district court did not procedurally err, and certainly did not commit plain error, by comparing and contrasting Hill's crime and Guidelines range to other types of offenses.

### 3. District Court's Disagreement with Hill's Guidelines Range

Finally, the district court did not err in concluding the Guidelines range in this case was insufficient to accomplish the purpose of sentencing set forth in § 3553(a). In Kimbrough v. United States, 128 S. Ct. 558 (2007), the Supreme Court recognized a district court does not abuse its discretion by determining the applicable Guidelines range results in a sentence "greater than necessary" to achieve § 3553(a)'s sentencing objectives in a particular case. Id. at 575. Hill's sentence presents the inverse of the situation in Kimbrough. The district court in Kimbrough determined the applicable Guidelines range resulted in a sentence "greater than necessary" to achieve

§ 3553(a)'s sentencing objectives, id. at 565. The district court in Hill's case determined the applicable Guidelines range resulted in a sentence insufficient to achieve § 3553(a)'s sentencing objectives.

The district court's disagreement with the Guidelines range in Hill's case was clearly the product of considered and careful analysis. The sentencing transcript indicates the sentencing court thoughtfully grappled with the appropriate sentence, taking account of the facts of Hill's case, the impact of Hill's crime on the victim, the need to protect society, the concern Hill would repeat his crime and the need for deterrence, and the relative severity of Hill's crime in the overall scheme of federal sentencing. The district court determined, "I find that under 3553(a) the guideline range here that is recommended is not appropriate given the total circumstances of this case when I compare and contrast them to all these other cases." Shortly thereafter, the court stated, "I'm just convinced that the guidelines are wrong here, given the human effects here of a woman in prostitution exposed to health risk, sexually transmitted diseases, and she's turning over her proceeds to another person." Just as the district court in Kimbrough was within its discretion to determine the applicable Guidelines range was "greater than necessary," we conclude the district court in Hill's case was within its discretion to determine Hill's Guidelines range was insufficient to achieve an appropriate sentence. The district court's sentencing calculation, selection, and explanation do not represent any significant procedural error.

## C. Substantive Reasonableness

Hill contends his 51-month sentence was substantively unreasonable. "[T]ak[ing] into account the totality of the circumstances, including the extent of [the] variance from the Guidelines range" and "giv[ing] due deference to the district court's decision that the § 3553(a) factors, on the whole, justify the extent of the variance," Gall, 128 S. Ct. at 597, our review of Hill's sentence reveals no abuse of

the district court's considerable discretion and no basis for concluding the sentence is substantively unreasonable.

## III.   CONCLUSION

We affirm Hill's sentence.

BRIGHT, Circuit Judge, dissenting.

I dissent.  Here the guidelines range was 15 to 21 months.  The guidelines already take into account the 18 U.S.C. § 3553(a) factors.  The district court did not think that the guidelines were proper, but gave no valid reason for raising the 15-21 months to 51 months, a raise of about 150%.

The comparison to other sex crimes as noted by the majority is not convincing.  The district court imposed what I call a sentence without support.  That is inappropriate.  We require good reason for a judge to depart below the guidelines.  The same approach should be followed for a sentence above the guidelines.

This defendant deserves no special consideration from any judge, but he is entitled to equal treatment with other offenders similarly situated.

This defendant is otherwise getting his just deserts.  *See* footnote 2 in majority's opinion.  Hill will serve 174 months (14.5 years) for his other sex-related crimes.

_____