# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1081

_____

United States of America

*Plaintiff - Appellee*

v.

Renee Dattolico

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: September 23, 2013
Filed: October 1, 2013
[Unpublished]

_____

Before WOLLMAN, BEAM, and SMITH, Circuit Judges.

_____

PER CURIAM.

Renee Dattolico appeals, challenging the sentence imposed by the district court[1] following Dattolico's guilty plea to, generally stated, one count of conspiracy

_____

[1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

to possess with intent to distribute methamphetamine, and one count of failure to appear. The district court sentenced Dattolico to 180 months' imprisonment, 112 months below the suggested Guidelines sentence of 292 to 365 months. On appeal, Dattolico claims the court procedurally erred in arriving at her sentence and argues the resulting sentence is substantively unreasonable. We affirm.

## I. BACKGROUND

The instant drug charge stems from two separate controlled drug transactions in 2011 and 2012, together involving little more than five grams of methamphetamine. Dattolico further admitted to drug distribution within 1,000 feet of a park in Sioux City, Iowa. Later, Dattolico failed to appear for her scheduled trial, resulting in an amendment to the indictment to include the failure to appear count. Dattolico pleaded guilty to both counts contained in the superseding indictment. Additionally, the career offender enhancement was included in the suggested Guidelines sentence because Dattolico had been convicted of two prior felony controlled substance offenses prior to these federal charges. See U.S.S.G. § 4B1.1(a).

On appeal, Dattolico repeats much of her argument made to the district court at sentencing. She claims that the court should have exercised its discretion to vary from the suggested Guidelines sentence to an even greater extent due to the unique circumstances of this case, including, for example, Dattolico's non-existent criminal history prior to her methamphetamine addiction, as well as the very small total amount of drugs involved leading to a lengthy suggested Guidelines sentence by virtue of the application of the career offender enhancement. She claims that "[a]pplication of the career offender guideline in [her] case perverts both the 'quantity of the drug' aspect of the sentencing guidelines and the recidivist drug offender leg." Not only, claims Dattolico, was the total amount of drugs involved in the application of the career offender enhancement minuscule (23 grams), but Dattolico was an addict–a combination that should not equal fifteen years behind bars.

Both the government and Dattolico acknowledge that Dattolico was properly scored as a career offender for purposes of arriving at a suggested Guidelines range. Dattolico, however, argues that because the court has the discretion to disregard application of the enhancement entirely for policy reasons, it should have done so here. This, she suggests, would have resulted in a sentence lower than 180 months because the starting point would necessarily have been lower. Dattolico additionally supplemented the appellate brief with a pro se letter to the court, which we have reviewed.[2]  Generally, this letter restates, in her own words, why the district court should have disregarded the application of the career offender enhancement in this particular case, especially given the resulting sentencing disparity, and the fact that, according to Dattolico, the "career offender" nomenclature grossly misrepresents the reality of this defendant and her past dealings.

## II.    DISCUSSION

> We review a district court's sentence for abuse of discretion.  Under this standard, we initially review a sentence for any claimed procedural error and then, if necessary, for substantive reasonableness. Procedural errors include such things as improperly calculating the Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.  If the decision is procedurally sound, we review the substantive reasonableness of the sentence, considering the totality of the circumstances.

---

[2]"'It is Eighth Circuit policy not to consider pro se filings when the appellant is represented by counsel.'" United States v. Montgomery, 701 F.3d 1218, 1220 n.2 (8th Cir. 2012) (quoting United States v. Halverson, 973 F.2d 1415, 1417 (8th Cir. 1992)), cert. denied, 133 S. Ct. 2814 (2013).  Nevertheless, we have reviewed Dattolico's letter and consider it to the extent it addresses arguments made by her counsel and highlights relevant facts therein.

United States v. Mabery, 686 F.3d 591, 598 (8th Cir. 2012) (citations omitted). "[W]here a district court has sentenced a defendant below the advisory guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further." United States v. Black, 670 F.3d 877, 882 (8th Cir. 2012) (quotation omitted). And, finally, if, as here, a defendant fails to object timely to a procedural sentencing error, the error is forfeited and may only be reviewed for plain error. United States v. Hill, 552 F.3d 686, 690 (8th Cir. 2009). "Under plain error review, the defendant must show: (1) an error; (2) that is plain; and (3) that affects substantial rights." Id. (quotation omitted).

Despite Dattolico's arguments on appeal, there was no procedural error here, whether we view it through a plain error lens or otherwise. Dattolico argues that the district court did not adequately explain its chosen sentence. Our thorough review of the sentencing transcript reveals the district court followed the proper sentencing procedure by determining the applicable advisory Guidelines range, was fully cognizant of the advisory nature of the Guidelines, considered the § 3553(a) factors and adequately explained the chosen sentence, which reflected a considerable variance. The court received briefing on Dattolico's variance request; listened to Dattolico's argument regarding the policy considerations at play; considered the many favorable letters written on Dattolico's behalf, as well as her own allocution statement; and was fully aware of Dattolico's personal circumstances, history and conduct.

That the district court did not vary further in its determination regarding Dattolico's sentence was not an abuse of discretion and the court imposed a reasonable sentence. Importantly, the district court was aware that it could vary downward based on a policy disagreement with the application of the career offender enhancement in this particular case and sentenced Dattolico accordingly. United States v. Coleman, 635 F.3d 380, 383 (8th Cir. 2011). "Whatever the district court's views as to the Sentencing Commission's policy judgment underlying a particular

-4-

guidelines provision, [or whether the Commission's intended purpose is furthered in a particular case given the specific facts,] our proper role on appeal is only to determine whether the court abused its discretion by imposing a substantively unreasonable sentence on a particular offender." United States v. Talamantes, 620 F.3d 901, 902 (8th Cir. 2010). Accordingly, we conclude that the district court did not abuse its discretion in arriving at the imposed sentence.

## III. CONCLUSION

We affirm the judgment of the district court.

_____