# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-1196
_____

United States of America

*Plaintiff - Appellee*

v.

Altonio G. Graves

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: September 19, 2016
Filed: September 26, 2016
[Unpublished]

_____

Before LOKEN, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Altonio Graves appeals, challenging his 105-month, concurrent terms of imprisonment, imposed by the district court[1] after Graves pled guilty to two counts of bank robbery in violation of 18 U.S.C. § 2113(a) and 2.

In January and February 2013, Graves and two others planned and committed a series of four bank robberies, two in Missouri and two in Illinois. Although the Missouri robberies were committed first in time, officers arrested Graves for the Illinois robberies first, and he was convicted on the Illinois robberies prior to his arrest in the instant case. In April 2015, the district court for the Southern District of Illinois sentenced Graves to a total of 121 months' imprisonment. In June 2015, a Missouri grand jury returned an indictment with the instant robbery counts, to which Graves pled guilty. The Missouri district court reviewed the Presentence Investigation Report (PSR), which reflected Graves' previous conviction in 1998 for second-degree murder, first-degree robbery, and two separate counts of armed criminal action as a result of his participation in a 1997 robbery.[2] The PSR likewise reflected, among others, Graves' prior conviction for the 2013 Illinois robberies. The Missouri district court sentenced Graves to 105-months' imprisonment, seventy of which the court directed to run consecutive to any sentence previously imposed in the Southern District of Illinois.

On appeal, Graves contends the district court erred by sentencing Graves at the top of the Guidelines range because the court disproportionately weighed the 18 U.S.C. § 3553(a)(1) factors and placed too much weight on Graves' criminal history. He points out that he actually committed the Illinois robberies *after* the two Missouri

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

[2]Graves was imprisoned until July 2010 for these crimes and was then released on parole. Graves' parole was discharged in May 2013, and thus he was on parole at the time he committed the instant crimes.

robberies at issue in this case. Because of that, he argues that including the Illinois conviction in his prior criminal conduct for purposes of calculating the suggested Guidelines sentence, while accurate, gives it too much weight and results in a longer sentence, and thwarts the purpose of a criminal history enhancement. He focuses on the proximate timing of these four robberies and claims that had the four robberies been charged in one indictment, sentencing would have likely gone differently, and that he is thus at a disadvantage merely because these robberies straddled two jurisdictions. Conversely, Graves claims the district court gave too little weight to his nature and characteristics and the other § 3553 factors.

We review the reasonableness of the sentence by first ensuring "that the district court committed no significant procedural error." Gall v. United States, 552 U.S. 38, 51 (2007). Because Graves did not object at sentencing, we review any procedural-error arguments only for plain error. United States v. Hill, 552 F.3d 686, 690 (8th Cir. 2009) (standard of review). Procedural error can include "failing to consider the § 3553(a) factors, . . . or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. A district court need not categorically rehearse each of the § 3553(a) factors, and "[i]f a district court references some of the considerations contained in § 3553(a), we are ordinarily satisfied that the district court was aware of the entire contents of the relevant statute." United States v. Richart, 662 F.3d 1037, 1049 (8th Cir. 2011) (quoting United States v. Perkins, 526 F.3d 1107, 1110-11 (8th Cir. 2008)). We look to "the entire sentencing record, not merely the district court's statements at the hearing." United States v. Robinson, 516 F.3d 716, 718 (8th Cir. 2008).

We review the substantive reasonableness of Graves' sentence for an abuse of discretion, considering the totality of the circumstances. Gall, 552 U.S. at 51. "A district court abuses its discretion when it fails to consider a relevant factor, gives significant weight to an irrelevant or improper factor, or considers only appropriate factors but nevertheless commits a clear error of judgment by arriving at a sentence

that lies outside the limited range of choice dictated by the facts of the case." United States v. San-Miguel, 634 F.3d 471, 475 (8th Cir. 2011) (quoting United States v. Jones, 509 F.3d 911, 913 (8th Cir. 2007)). When "the district court explicitly consider[s] the § 3553(a) factors at the sentencing hearing, [] we 'give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify' the sentence." United States v. Sandoval-Sianuqui, 632 F.3d 438, 445 (8th Cir. 2011) (quoting Gall, 552 U.S. at 51).

After reviewing the entire sentencing record as well as the sentencing colloquy, this court gives due deference to the district court's statement that it had considered the § 3553(a) factors in arriving at the imposed sentence. The district court carefully reviewed the sentencing memorandum submitted on Graves' behalf, along with several letters written by Graves, and others, in his defense. The court expressly considered all of the § 3553(a) factors in arriving at a sentence, including the many strides Graves had taken to improve himself and the consequences he suffered as a result of his troubled childhood.

At bottom, Graves' criminal history was not weighed too heavily by the district court, nor was it the sole consideration at sentencing. However, the criminal history was, quite accurately, an overriding consideration, especially given the violent nature of the crimes at issue and Graves' commission of the offenses so closely on the heels of his prison release for a similarly violent robbery. While released from prison and on parole from a previous murder conviction that Graves claims resulted from a robbery that went awry when "the gun accidentally discharged" in 1997, Graves committed four robberies in two states. Because these robberies occurred in two states, there were two trials in two jurisdictions. However, there was no procedural error (as Graves concedes) in including the Illinois conviction in the criminal history consideration during Graves' Missouri sentencing, and Graves provides no basis for his contention that his sentence would have been less if he had been indicted earlier on the Missouri crimes. And, more importantly, the court actually exercised great

discretion and acknowledged the two-jurisdiction issue and generously accounted for the circumstance of Graves having committed robberies in two states by ordering that seventy months of the 105-month sentence run consecutive to any sentence imposed in the Southern District of Illinois, in order to provide "credit . . . for the 30 months that [Graves] would not otherwise get credit for had these cases been filed together." There was no error here.

As to the substantive reasonableness of Graves' sentence, because the district court imposed a sentence within the advisory Guidelines range, we presume it is reasonable. Sandoval-Sianuqui, 632 F.3d at 444. There is nothing in this record supporting a conclusion that the district court abused its substantial discretion in arriving at the sentence imposed.

For the reasons stated herein, we affirm.

_____