United States Court of Appeals

For the Eighth Circuit

_____

No. 18-3636

_____

United States of America

*Plaintiff - Appellee*

v.

Sejuan Marquise Walker

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: October 14, 2019
Filed: February 6, 2020
[Unpublished]

_____

Before SMITH, Chief Judge, GRUENDER and BENTON, Circuit Judges.

_____

PER CURIAM.

Sejuan Walker pleaded guilty to possessing a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1] sentenced Walker to 87 months' imprisonment, the maximum within the Sentencing Guidelines range. Walker challenges his sentence, arguing that the district court made erroneous factual findings. We affirm.

## I. *Background*

On January 29, 2018, Walker and two friends went car-hopping. Car-hopping involves locating unlocked cars and stealing their valuable contents. The group stole a gun, a wallet, and credit and debit cards from a car. Walker used one of the debit cards to purchase an electronic game system and video games. The purchase made him a suspect for the theft. At the time, Walker had multiple warrants out for his arrest. When police approached him at his apartment complex, Walker attempted to escape through the laundry room before being arrested. A week later, investigating officers found the stolen gun in the laundry room. One of Walker's fingerprints was found on the gun's magazine. Walker pleaded guilty to the weapon possession charge.

At sentencing, the district court stated that Walker relied on theft to support himself rather than find employment. Further, the court found that Walker had a criminal history that included multiple crimes of theft and had failed to rehabilitate when provided the opportunity. The court also noted that, unlike his previous offenses, this crime involved a firearm. Based on these facts, the district court sentenced Walker to 87 months' imprisonment, at the top of the Guidelines range.

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

## II. *Discussion*

Walker argues that the district court procedurally erred because it relied on disputed factual allegations in his presentence investigation report (PSR). Specifically, he alleges that the court failed to sentence him "on the basis of accurate and reliable information." Appellant's Br. at 5.

We have held that "[p]rocedural error includes . . . selecting a sentence based on clearly erroneous facts." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (internal quotations omitted). "[A] district court finding without record support is clearly erroneous." *United States v. Richey*, 758 F.3d 999, 1002 (8th Cir. 2014) (cleaned up). "If the sentencing court chooses to make a finding with respect to any disputed facts, it must do so on the basis of evidence, and not the presentence report." *Id.* (cleaned up).

The government points out that Walker failed to object to the alleged procedural error. "If a defendant fails to object timely to a procedural sentencing error, the error is forfeited and may only be reviewed for plain error." *United States v. Hill*, 552 F.3d 686, 690 (8th Cir. 2009) (quoting *United States v. Vaughn*, 519 F.3d 802, 804 (8th Cir. 2008)). "To constitute a plain error, a district court's decision must be (1) an error, (2) which is clear or obvious, and (3) which affects substantial rights." *United States v. Thompson*, 289 F.3d 524, 526 (8th Cir. 2002). "Even if the defendant shows these three conditions are met, we may exercise our discretion to correct a forfeited error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Hill*, 552 F.3d at 690 (cleaned up).

In his reply brief, Walker responds that he preserved his argument for procedural error by disputing facts in the PSR, which represented that he was the one who stole the firearm from the car. Instead, Walker asserted that one of his accomplices stole the gun. He contends the district court, without evidence, assumed

that he stole the gun in considering the severity of his offense. Alternatively, Walker argues that the procedural error alleged would satisfy even plain error review. The sentencing transcript indicates that Walker did not object to the district court's comments. Therefore, "[b]ecause [Walker] failed to object to the district court's alleged procedural error, we review for plain error." *United States v. Cottrell*, 853 F.3d 459, 462 (8th Cir. 2017).

Walker argues (1) that the district court adopted the government's version of the contested gun facts and (2) that the district court mischaracterized Walker's time in group homes as probation supervision. The government responds that Walker simply misinterprets the district court's statements. We agree.

In *Richey*, we rejected the defendant's "subjective interpretation of the district court's sentencing rationale." 758 F.3d at 1004. There, the defendant believed that the district court erred because it referenced "all of the reasons set out in the adjustment report and recommendation," and the adjustment report contained disputed facts. *Id.* But, considering the record as a whole, we determined that the district court was referring to the "Recommendation/Justification" section, which contained only undisputed facts. *Id.* at 1004–05. Because the court did not use disputed facts, we affirmed. *Id.* at 1005.

Looking to the record as a whole—as we did in *Richey*—we conclude that the district court did not commit a procedural error, much less a plain error. Walker argues that the district court found that his criminal conduct was escalating because he stole a gun. We read the record as the district court merely noting that Walker possessed a gun rather than that he personally stole it. This is consistent with both parties' narratives. In the district court's words:

> In reviewing the case and the guidelines the Court did not consider any
> objected-to portions of the Pre-Sentence Investigation Report and there

-4-

were several in the offense conduct. Notably, some disagreement as to whether [Walker's girlfriend] was really the possessor of the firearm. *But in any event, at some point Mr. Walker did possess the firearm* and we know that because there was a fingerprint of the Defendant located on the magazine that was inserted into the firearm.

Tr. of Sent. at 13, *United States v. Walker*, 1:18-cr-00055-LRR (N.D. Iowa Jan. 4, 2019), ECF No. 46 (emphasis added).

Considering both parties' accounts, the district court found that Walker possessed the stolen firearm because it bore his fingerprint. The district court considered gun possession to be an escalation of his prior conduct, which had never involved firearms. That finding was supported by the record. In short, the district court did not use the PSR allegations to resolve a contested issue of fact, and so it did not commit a procedural error.

Walker also contends the court construed his troubled upbringing as aggravating evidence against him rather than mitigating evidence in his favor. Walker bases this contention on the following quotes from the sentencing transcript:

It's not only the actual convictions, but also, as Mr. Morfitt has noted, the pattern of activity and the fact that [Walker] was on correctional supervision at the time he committed this offense on multiple state violations of law. . . . Very concerning that he has been noncompliant while subject to correctional treatment and that he has repeated violations of law relating to theft and burglary convictions, which the Court concludes shows a lack of respect for the law. He is penalized for these after conviction and he goes back and repeats the same crime several times. I concluded that he would rather be a burglar and a thief rather than have legal employment and that, of course, is not acceptable. *I did look at the personal and family data that Mr. Meyer talked about and he did have a lack of stability in the home, but he also had*

*opportunities to change things around because he was at group homes and residential placements, he had probation supervision, but his behavior was not changed.* In fact, you could argue that his criminal behavior is escalating rather than going down as he gets older.

*Id.* at 14–15 (emphasis added). Citing only the emphasized text, Walker argues that the district court's sentence was based on untrue facts: that Walker was placed in the group home due to bad conduct and that the group home constituted probation supervision. Walker's reading ignores the context. The probation and behavioral issues cited by the district court refer back to his supervised release and prior thefts, not to Walker's placement in a group home.

Thus, like *Richey*, we reject Walker's subjective interpretation of the district court's rationale. The district court's decision was based on uncontested evidence, and the district court did not commit procedural error in considering that evidence. The district court expressly considered the 18 U.S.C. § 3553(a) factors and based Walker's sentence "on his likelihood to recidivate and the seriousness of his criminal behavior." *Id.* at 15–16. The district court did not err.

### III. *Conclusion*

For the foregoing reasons, we affirm the district court.

———————————————