# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2582
_____

United States of America

*Plaintiff - Appellee*

v.

Nadine Nzeuga Robinson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: September 25, 2020
Filed: November 16, 2020
[Unpublished]

_____

Before KELLY, WOLLMAN, and STRAS, Circuit Judges.

_____

PER CURIAM.

Nadine Nzeuga Robinson opened a check-cashing business, Azalea USA, LLC, in 2013. She thereafter received money orders that she knew had been obtained through fraud and deposited them into Azalea's bank account. She pleaded guilty to conspiracy to commit money laundering, in violation of 18 U.S.C.

§§ 1956(a)(1)(B)(I), 1956(h), and 1957, and was sentenced to 120 months' imprisonment. Robinson argues that the district court[1] violated Rule 32 of the Federal Rules of Criminal Procedure when it determined the value of the laundered funds during forfeiture proceedings concerning Robinson's home, rather than at the later sentencing hearing. She claims that, had the court notified the parties that it was going to make that value determination, defense counsel might have approached the forfeiture hearing differently.

Months before the forfeiture hearing, a probation officer filed a draft presentence report (PSR), which concluded that the scheme involved more than $5.8 million in illicitly acquired funds, mostly laundered through Azalea. The PSR determined that Robinson's base offense level was 26, because the value of the laundered funds exceeded $3.5 million. See U.S.S.G. § 2S1.1(a)(2) (base offense level of "8 plus the number of offense levels from the table in § 2B1.1 . . . corresponding to the value of the laundered funds"); U.S.S.G. § 2B1.1(b)(1)(J) (increase by 18 offense levels when the value of the laundered funds exceeds $3.5 million). Robinson objected, claiming that Azalea was a legitimate business and that not all deposits into its account were fraudulent money orders.

An Internal Revenue Service (IRS) agent testified at the forfeiture hearing regarding the $4.7 million deposited in March and April 2015, explaining that the circumstances surrounding almost all of the deposits indicated fraud. Following the hearing, the probation officer responded to Robinson's objections to the PSR, stating that the IRS agent's testimony supported the PSR's base offense level determination.

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

The district court issued a preliminary order of forfeiture following the receipt of the parties' post-hearing briefs. The court rejected Robinson's argument that the government had failed to show that the March and April 2015 deposits into Azalea's account were related to the conspiracy. The district court instead found by a preponderance of the evidence that Robinson and her co-conspirators had deposited more than $4 million in fraudulently obtained money orders into Azalea's account.

Defense counsel reiterated at sentencing that the government had not proved that "the entire amount going through the Azalea account was laundered funds," but acknowledged that the court had ruled on the issue in its preliminary order of forfeiture. Counsel also withdrew any factual objections to the PSR. The district court overruled Robinson's objection to the base offense level, explaining that the testimony at the forfeiture hearing and the "now unobjected to" factual portion of the PSR established that almost all of the Azalea deposits were fraudulent.

We find no plain error in the procedure the district court used for determining the value of laundered funds. See United States v. Hill, 552 F.3d 686, 690 (8th Cir. 2009) (reviewing for plain error when defendant fails to timely object to a procedural sentencing error). Having at sentencing been given the opportunity "to comment on the probation officer's determinations and other matters relating to an appropriate sentence," see Fed. R. Crim. P. 32(i)(1)(C), defense counsel did not object to the court's reliance on the IRS agent's earlier testimony. Counsel did not complain that the forfeiture proceedings were inadequate or that he had been ill-prepared to cross-examine the agent regarding the Azalea deposits. Moreover, the court was allowed to adopt the facts as set forth in the PSR in light of the earlier withdrawn objections to them. See Fed. R. Crim. P. 32(i)(3)(A). The record thus belies appellate counsel's contentions that Robinson was denied due process and was prohibited from challenging the district court's finding that the value of laundered funds exceeded $4

million.  Having found no plain procedural error, we conclude that Robinson's argument that her "sentence is substantively unreasonable because of the [procedural] errors" necessarily fails.  Appellant's Br. 33.

The judgment is affirmed.

_____