# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2091
_____

United States of America

*Plaintiff - Appellee*

v.

Joshua Wood

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith

_____

Submitted: November 14, 2022
Filed: February 16, 2023
[Unpublished]

_____

Before BENTON, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Between 2012 and 2017, Joshua Wood avoided $98,918.61 in taxes, primarily by completing false W-4s that claimed exemptions for which he was ineligible and by directing payroll personnel to refrain from withholding taxes from his paychecks. Wood pled guilty to one count of tax evasion, in violation of 26 U.S.C. § 7201, and

the district court[1] sentenced him to a term of imprisonment of 14 months. Wood appeals, claiming his sentence is substantively unreasonable. We affirm.

The presentence investigation report, which the district court adopted, calculated Wood's sentencing guidelines range as 12 to 18 months. The report identified Wood's numerous medical ailments, including stage-4 kidney disease and end-stage renal disease. The report noted that Wood was previously on liver and kidney transplant lists from which he was removed "due to medical noncompliance" and failure to obtain a COVID-19 vaccine. After fully considering the parties' arguments and pertinent sentencing factors, the district court imposed a 14-month term of imprisonment and recommended that the Bureau of Prisons place Wood at a facility capable of providing care for his medical conditions.

We review the substantive reasonableness of a sentence for an abuse of discretion, considering all of the circumstances and any variance from the guidelines range. See United States v. Hill, 552 F.3d 686, 693 (8th Cir. 2009) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). An abuse of discretion occurs only "if the district court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Staten, 990 F.3d 631, 636 (8th Cir. 2021) (per curiam) (citation omitted).

Wood's sentence was within the advisory guidelines range and is presumptively reasonable. See United States v. Deegan, 605 F.3d 625, 634 (8th Cir. 2010) (citation omitted). Here, the district court appropriately considered the seriousness of Wood's particular offense conduct and the need to deter white collar offenders. See United States v. Ture, 450 F.3d 352, 357-58 (8th Cir. 2006) (citations omitted) (noting tax evaders' sentences should account for the need to provide

---

[1]The Honorable P. K. Holmes, III, United States District Judge for the Western District of Arkansas.

general deterrence).  While defense counsel argued for a sentence of home detention or probation to permit Wood to continue to obtain care from Johns Hopkins Hospital, given the broad sentencing discretion afforded district courts, the district court did not abuse its discretion by not giving more weight to Wood's health conditions.  See United States v. Anderson, 618 F.3d 873, 883 (8th Cir. 2010) ("The district court may give some factors less weight than a defendant prefers or more to other factors [without] justify[ing] reversal." (citation omitted)).  Because the district court considered the pertinent sentencing factors and provided a reasoned basis for its within-guidelines sentence, the sentence is not substantively unreasonable.

We affirm the district court's judgment.

_____