# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2453
_____

United States of America

*Plaintiff - Appellee*

v.

Joshuah Landon Tiesman

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern
_____

Submitted: November 13, 2023
Filed: January 3, 2024
[Unpublished]
_____

Before COLLOTON, WOLLMAN, and BENTON, Circuit Judges.
_____

PER CURIAM.

In 2013, Joshuah Landon Tiesman pled guilty to attempting and aiding and abetting the attempt to manufacture methamphetamine near a school, in violation of 21 U.S.C. §§ 841(b)(1)(C), 846, 860(a) and 18 U.S.C. § 2.  The district court sentenced him to 96 months in prison and six years of supervised release.  The district court revoked his first term of supervised release in 2022, sentencing him to

four months in prison and two years of supervised release. In 2023, he violated his second term of supervised release. The district court[1] sentenced him to 10 months in prison and four years of supervised release. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Tiesman believes the district court procedurally erred by "basing its sentence on findings that were not supported by reliable evidence." Where, as here, a defendant "fails to object timely to a procedural sentencing error, the error is forfeited and may only be reviewed for plain error." *United States v. Hill*, 552 F.3d 686, 690 (8th Cir. 2009). Under plain error review, the defendant must show: (1) an error; (2) that is plain; (3) that affects substantial rights and (4) that "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

Tiesman challenges two violations, claiming there was no evidence that: (1) he submitted a diluted urine sample; and (2) he was not actively searching for employment. This court need not decide whether the court erred in finding these violations because Tiesman cannot show prejudice. In addition to the now contested violations, Tiesman admitted, and the court found, he: failed to provide a urine specimen for random drug testing, attempted to use someone else's urine for drug testing, possessed drug paraphernalia and a prescription drug without a prescription, associated with a person engaged in criminal activity, and used cocaine and meth. Imposing his sentence, the district court did not reference the two contested conditions. Rather, it discussed his "substituting someone else's urine or substance for his urine during drug testing," "all-encompassing addition to methamphetamine," failure to participate in drug treatment, and overall unsatisfactory conduct on supervision. On this record, Tiesman cannot show a reasonable probability that his sentence would have been different absent any alleged error. The court did not plainly err.

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

Tiesman asserts the court's four-year term of supervised release was substantively unreasonable. This court reviews for abuse of discretion. *United States v. Beran*, 751 F.3d 872, 875 (8th Cir. 2014). Imposing an additional term of supervised release, the court properly considered the 18 U.S.C. § 3553(a) factors, including Tiesman's serious drug addiction, noting he had "not taken what he has learned in substance abuse treatment and applied it to his own life." It also considered his significant restitution obligations. It concluded he:

> would benefit by further supervision by the United States Probation Office to not only help him with his sobriety issues if he is willing to confront those but, as Mr. Scheetz has suggested, to help him find a safe place to live and also find employment because he must be employed full-time—he shouldn't be quitting one job until he has another—all arranged so it is a smooth transition and he can pay his restitution.

The court did not err in imposing a four-year term of supervised release. *See United States v. Barber*, 4 F.4th 689, 691 (8th Cir. 2021) (affirming a term of supervised release where the court said it was "not going to reward [the defendant] here today for bad behavior by shortening his term of supervised release").

\* \* \* \* \* \* \*

The judgment is affirmed.

_____